GRUPO CONDUMEX, S.A. DE
C.V., et al., Plaintiffs,

v.

SPX CORPORATION, et
al., Defendants.

No. 3:99CV7316.

United States District Court,
N.D. Ohio,
Western Division.

Nov. 5, 2001.

Anthony J. Rotondi, Cleary, Gottlieb, Steen & Hamilton, Howard Zelbo, Cleary, Gottlieb, Steen & Hamilton, Jeffrey A. Rosenthal, Cleary, Gottlieb, Steen & Hamilton, New York City, Jessica Zeldin, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Margaret G. Beck, Fuller & Henry, Martin J. Witherell, Fuller & Henry, Mary A. Whipple, Fuller & Henry, Toledo, OH, Robert T. Greig, Cleary, Gottlieb, Steen & Hamilton, New York City, William M. Lafferty, Morris, Nichols, Arsht & Tunnell, Wilmington, DE, Richard V. Conza, Cleary, Gottlieb, Steen & Hamilton, New York City, for Plaintiffs.

Evan S. Williams, Gardner, Carton & Douglas, Chicago, IL, James P. Silk, Jr., Spengler Nathanson, Toledo, OH, John F. Ward, Jr., Jenner & Block, Michael E. Barry, Gardner, Carton & Douglas, Chicago, IL, Theodore M. Rowen, Spengler Nathanson, Toledo, OH, Truman A. Greenwood, Spengler Nathanson, Toledo, OH, Jacqueline M. Boney, Cooper & Walinski, Joseph P. Thacker, Cooper & Walinski, Richard S. Walinski, Cooper & Walinski, Toledo, OH, David C. McBride, Young,

Conaway, Stargatt & Taylor, John W. Shaw, Young, Conaway, Stargatt & Taylor, Josy W. Ingersoll, Young, Conaway, Stargatt & Taylor, Wilmington, DE, Patricia B. Fugee, Cooper & Walinski, Toledo, OH, Peter C. John, Williams, Montgomery & John, Ltd., Chicago, IL, for Defendants.

## ORDER

CARR, District Judge.

This is an action by one joint venturer, Grupo Condumex, S.A. de C.V. (Condumex), against another joint venturer, SPX Corporation, and Dana Corporation. The action arose after SPX caused its shares in the joint venture (Promotora de Industrias Mecanicas, S.A. de C.V. (Promec)) to be to transferred to Dana. In an earlier opinion, I held that that transfer had violated Condumex' right of first refusal, and I ordered Dana to transfer the Promec shares that it had received from SPX directly to Condumex.

Dana objected to that order, demanding that the transfer to Condumex be by SPX, which had been held to have violated a right of first refusal that Condumex had in the Promec shares. Dana expressed concerns about adverse tax implications if it were to make the transfer directly. I took Dana's objections to the direct transfer by it to Condumex under advisement, and the transfer occurred in open court, with Dana tendering the Promec shares to me, and I, in turn, giving them to Condumex' counsel.

Thereafter, I granted SPX' motion for summary judgment with regard to Dana's claim for indemnification. That claim had been based on an asset purchase agreement between Dana and SPX; part of the assets covered by that agreement had been the shares of a SP Nevada, whose sole asset, in turn, was the Promec shares.

On entry of my order granting SPX' motion for summary judgment, I also ordered that this case be closed.

In the meantime, Dana and Condumex had settled the remainder of the dispute between them. As part of that settlement, Condumex assigned its remaining claims against SPX for damages resulting from SPX' breach of the right of first refusal to Dana. Dana presently seeks to recover on those assigned claims against SPX.

Pending is a motion by Dana to alter or amend judgment by deleting the directive that the case be closed, reinstate that portion of Dana's motion for relief from judgment that remains under advisement (i.e., Dana's objections to the direct transfer of the shares, based on the adverse tax consequences of such direct transfer, and demand that such tax burden be allocated to SPX), preserve Condumex' claims (i.e., those claims assigned to Dana) against SPX, and expressly dispose of Dana's motion for judgment on its claims against SPX for indemnity. (Doc. 70).

SPX opposes Dana's motion. (Doc. 71). In the alterative, it moves conditionally for an amendment of the same order that Dana seeks to have amended by reinstating SPX' indemnification claim against Dana. (Doc. 72).

For the reasons that follow, Dana's motion shall be granted, and SPX' motion shall be denied.

■ First, with regard to Dana's motion to alter or amend judgment: the directive that the case be closed was premature, and in error. No adjudication of pending matters, including Condumex' claim against SPX, or matters that had either been taken under advisement or otherwise reserved for later consideration, such as Dana's demand that the tax consequences of the forced transfer of the Promec shares to Condumex be borne by SPX, was intended or reached.

SPX argues that Dana's demand that it bear the tax consequences of the transfer

of the shares to Condumex was part of Dana's overall claim for indemnity under the asset purchase agreement. I disagree. That is a separate claim arising from my refusal to delay the transfer of the shares to Condumex. I expressly took the issue of allocation of the tax consequences under advisement when the shares were transferred. No ruling was intended, or made, as to who should bear the tax consequences of the transfer, which is an issue aside and apart from the claims made by Dana for indemnity under its asset purchase agreement with SPX.

Nor, in this order, is any such ruling intended.

 I agree, moreover, that SPX' conditional motion to amend should be overruled, because, even if its request to consider its additional arguments, which were not made in its original claim for indemnity against Dana, is proper, its claims cannot prevail.

SPX argues that the indemnification provision in the asset purchase agreement between it and Dana obligates Dana to indemnify SPX for any damages that it may incur as a result of Dana's assertion of Condumex' claims against SPX for SPX' breach of the right of first refusal.

SPX' indemnity claim is based on § 10.2(ii) of the asset purchase agreement, which provides in pertinent part:

Section 10.2. Indemnification by Buyer. Buyer covenants and agrees to indemnify and hold harmless Seller, its officers, directors, employees, agents, advisors, representatives and Affiliates ("collectively, the Seller Indemnitees") from and against, and pay or reimburse the Seller Indemnitees for any, and all Liabilities... (b) resulting from or arising out of:

(ii) any failure of Buyer to perform any covenant or agreement made or contained in this Agreement or fulfill any other obligation in respect thereof; ....

SPX claims that Dana breached is agreements, covenants, or obligations under the asset purchase agreement by failing to: 1) investigate the business being purchased, and notify SPX of matters adversely affecting such business; 2) assume the liabilities of the assets; and 3) use its best efforts to secure Condumex' consent to the transfer of the shares.[1]

SPX first claims that Dana breached § 5.1 of the asset purchase agreement, which provides in pertinent part:

(b) Buyer will continue its pre-acquisition review of the books, records and facilities of [SP Nevada] and its investments ... Buyer shall use its best efforts to act promptly to conclude such review after the date hereof, and Buyer shall notify Seller at the conclusion of such pre-acquisition investigation of all matters then known to Buyer, which in the reasonable judgment of Buyer are of such significance as to be reasonably likely to materially and adversely affect the business, assets, financial condition, or results of operations of [SP Nevada] and its subsidiaries, taken together and Buyer shall have the right to terminate this Agreement as set forth in Section 12.1(e), notwithstanding the fact that such matters may have been disclosed in the Schedules to this Agreement. (Emphasis supplied).

SPX contends that Dana failed to notify SPX about matters known to Dana that were "reasonably likely to materially adversely affect the business, assets, financial condition, or results of the operation of

1. To the extent that SPX claims that Dana breached obligations under § 8.5 of the asset purchase agreement, SPX appears to have abandoned such contention.

[SP Nevada] and its subsidiaries." SPX has not, however, specified any matters known to Dana but not disclosed or known to SPX. It is clear, in any event, that both Dana and SPX were equally well aware of Condumex' assertion of its right of first refusal. There being nothing not known to SPX that was known only to Dana, Dana did not fail to fulfill its obligations under § 5.1(b).

SPX claims that Dana breached § 2.3 of the asset purchase agreement, which states, in pertinent part:

Assumption of Liabilities. Subject to the terms and conditions set forth herein, at the Closing Date, Buyer shall assume and agree to pay, honor and discharge when due all Liabilities to the extent relating to or arising out of the past, present or future operations of the Business or ownership of the Assets, other than any Excluded Liabilities ("collectively, the Assumed Liabilities").

Dana, according to SPX, has failed to pay a liability arising out of the ownership of the shares of SP Nevada and Promec. "Assets" is a defined term under the Asset Purchase Agreement, and includes the shares of SP Nevada, which held the Promec shares. It does not, accordingly, include the Promec shares. *See* Asset Purchase Agreement APA §§ 1.1.

In earlier orders, I have held held that Condumex's right of first refusal did not relate to the shares of SP Nevada (the sole asset of which was the Promec shares). (Doc. 211, 12/3/99 at 15, n.2; Doc. 69, 8/28/01, at 18). Consequently, SPX's liability to Condumex for breach of the right of first refusal arises solely from ownership of the Promec shares, not the shares of the company, SP Nevada, which held those shares. Because the Promec shares are not "Assets" under the asset purchase agreement, Dana has no obligation to indemnity SPX under § 2.3 of the agreement.

SPX claims Dana breached § 5.2 of the asset purchase agreement, which provides in pertinent part:

Section 5.2. Efforts; Obtaining Consents; Antitrust Laws. (a) Subject to the terms and conditions herein provided, Seller and Buyer each agree to use all reasonable efforts to take, or cause to be taken, all actions and to do, or cause to be done, all things necessary, proper or advisable to consummate and make effective as promptly as practicable the transactions contemplated hereby, and to cooperate with the other in connection with the foregoing, including using all reasonable efforts (which efforts shall not require Buyer, in order to obtain any Consent to (x) hold separate, sell or otherwise dispose of any assets, including Assets or assets held by the Transferred Subsidiaries, or (y) agree to any conditions, the effect of any of which, in the sole good faith judgment of Buyer, would be to materially impair the value of the Asset Purchase to Buyer) (i) to obtain all necessary Consents from other parties to material loan agreements, leases and or contracts, (ii) to obtain all Consents that are required to be obtained under any Applicable Laws; . . . .

SPX claims that Dana failed to act reasonably in any effort on Dana's part to address and resolve Condumex's objections to the transfer of the joint venture shares. In addition, SPX alleges that Dana antagonized Condumex and threatened its personnel.

SPX, however, warranted that the transaction, including the transfer of the joint venture shares, did not require consent by Condumex. Sections 3.1 and 3.2 of the asset purchase agreement warranted: a) SPX had full authority to perform its obligations without action by any affiliate, partners, or stockholders, b) no rights of

first refusal existed, and c) the transaction violated no restriction on transfer.

SPX has, moreover, acknowledged in its claim against Dana that it told Dana that Condumex had no right of first refusal. At all pertinent times, SPX asserted that consent by Condumex was not necessary to consummate the transaction. Now, in effect, SPX is seeking to fault Dana for not getting consent where it had continuously assured Dana that no consent need be gotten. Even though Dana may have sought to obtain such consent as a hedge against future problems, it was not required to do so under the asset purchase agreement. Absent any such obligation, the losses accruing as a result of Condumex' objection to transfer of the joint venture shares cannot be shifted by means of § 5.2 of the asset purchase agreement.

SPX' conditional motion to amend judgment shall, accordingly, be overruled because it fails to propose actionable claims against Dana.

In light of the foregoing, it is

ORDERED THAT

1. Dana's motion to alter or amend judgment be, and the same hereby is granted;

2. Judgment Entry of August 28, 2001, be, and the same hereby is amended nunc pro tunc to delete "Case closed" therefrom; case to be reinstated to the active docket;

3. SPX's Conditional Motion to Amend Judgment be, and the same hereby is denied; and

4. Prior order granting judgment in favor of SPX and against Dana on Dana's claims against SPX for indemnity confirmed.

5. A status/scheduling conference is scheduled for November 19, 2001 at 9:15 a.m. Local counsel to attend the conference in person.

So ordered.